FRANCISCO QUIÑONES, Plaintiff and Appellee, *v.* L'UNION, Defendant and Appellant.

No. 3405. Argued February 6, 1925.—Decided June 24, 1925.

1. INSURANCE—NOTICE OF LOSS—AGENT.—When after having been notified of a fire by the insured by telephone an agent appears at the place where the

fire occurred, such notice substitutes the written notice required to be given by the insured, but it does not release him from compliance with the other obligations imposed by the conditions of the policy.

2. ID.—ID.—CONDITIONS OF POLICY—TOTAL LOSS.—The conditions of the fire insurance policy with regard to presenting a statement of the losses and of all other insurance on the property are obligatory and precedent to any right of action, and unless they be waived the insured must comply with them even in case of a total loss.

3. ID.—ID.—ID.—An insured who does not comply with the obligations contracted by him in a policy of insurance has no right of action against the insurance company.

First District Court of San Juan, Charles E. Foote, J. Judgment for the plaintiff in an action on an insurance policy. *Reversed.*

*R. Castro Fernández* for the appellant. *Rafael Rivera Zayas* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

In a fire insurance contract entered into between the parties to this action the defendant insured against loss or damage a house belonging to the plaintiff for $2,500 and it was agreed that the conditions printed on the back of the policy should be considered as a part of it. Among these conditions printed on the back of the policy is section 11 which requires that immediately after a fire causing loss or damage to the property insured by the policy the insured shall notify the company of it in writing and deliver to it within not less than fifteen days after the fire, or within such other time as the company may have granted specially in writing, the following documents: A report of the losses and damages caused by the fire, indicating in the most detailed and exact manner possible the various articles destroyed or damaged and the amount of the corresponding loss, taking into account the value of the said articles at the time of the fire without including any profit; and a detailed statement of all other insurance that may have existed on the same property. It is said also that the insured shall be obliged to certify to the exactness of his claim and of all other matters stated therein by a declaration made under oath or in any other legal form, and that

if the insured shall fail to comply with the requirements of that section he shall be deprived of all right to indemnity under the policy.

A fire occurred in the said house and a few hours thereafter the insured gave notice of it by telephone to the insurance company's agent who visited the scene of the fire on the same day. The plaintiff testified that some days later the said agent informed him that he should write him a letter; but without giving any written notice to the company and without presenting the data required by said section 11, the insured sued the insurance company for the full amount of the insurance, alleging that the house had been totally destroyed. The defendant set up as a defense the failure of the plaintiff to comply with the requirements of said section 11, but the lower court held that as it was not a case of the loss of goods or merchandise and as the loss was total, compliance with the stipulation requiring an account or statement of the loss or damage caused by the fire could not be considered essential. Therefore the court rendered judgment against the defendant. As the first ground of this appeal taken by the defendant it is alleged that those conclusions are erroneous.

[1] An insurance policy is a contract in which the parties to it acquire rights and assume obligations, and as the insured agreed to give written notice of the fire immediately after its occurrence and deliver to the insurance company within fifteen days a sworn statement of the losses and damages, itemizing the articles destroyed or damaged and giving their value as of the time of the fire, together with a statement of all other insurance thereon, or be deprived of all right to indemnity under the policy, the insured could not avoid compliance with that obligation without forfeiting his right to the benefits of the insurance. We may admit that the notice of the fire given by telephone substituted the written notice thereof that should have been given

to the company's agent, inasmuch as the agent visited the place where the fire occurred; but not that such notice relieved the insured of the other obligations imposed upon him by said section 11, particularly as the plaintiff admits that the agent asked him later to write him a letter, which shows that the company did not waive the other matters included in the said section, notwithstanding the notice of the fire given by telephone.

[2] Considering the terms and conditions of the policy, we find that the lower court was not justified in holding that where it is not a case of merchandise or where the loss is total the insured need not comply with the obligation assumed under section 11. That question was settled by this court on January 24, 1924, in the combined cases of *J. Casablanca, Ltd., et al.* v. *Palatine Insurance Co., Ltd.,* 32 P. R.R. 622, in which, in considering a clause similar to this in a policy insuring merchandise, the court said:

"In each case the theory of plaintiff in the complaint, throughout the trial and on appeal, was and is that article 10, *supra,* does not apply in the event of a total loss.

"But an undertaking to pay all losses occasioned by fire, not to exceed the amount for which each article is insured, is not a promise to pay a fixed sum in case of a total loss. The phraseology employed is not the language of liquidated damages. The obligation assumed by the defendant company seems to have been set forth in the usual form of an ordinary open policy. At least there is no intimation of any intention to issue a valued policy, and, therefore, no basis for the distinction between a partial and a total loss.

" 'Fire policies are generally written so that the liability of the company is dependent upon the amount of the loss, to be determined after the loss has occurred; and the valuation of the property in the application or policy does not fix the liability of the company, even in case of total loss.' 26 C. J., p. 98, sec. 97.

"Here the policies do not even estimate the value of the insured property; they merely fix a maximum limit beyond which the insurer assumes no liability.

"Under the terms of article 10, the insurance company was

equitably entitled to some preliminary proof of the value of the property destroyed at the time of the loss.  *  *  *."

In Joyce on Insurance, 2nd ed., sec. 3275, it is said that stipulations that the insured shall give notice within a fixed time and also furnish to the company proofs of the loss or forfeit the insurance, are reasonable conditions, and when they are inserted in the policy or contained in the charter of the company they are obligatory conditions precedent to any right of action, unless they are waived.   In the case of *Masino* v. *Farmers' & Mech. M. Insurance Co.,* Sup. Ct. Penn. 1912, 84 Atl. 406, it was held that where an insurance policy requires that the insured shall give notice of the losses in writing to the company and such notice is not given the insured can not recover for the loss without proof of the waiver of that right.   In *McCormack* v. *N. British Ins. Co.,* 78 Cal. 468, it was held that where preliminary proof is required by the insurance policy the insured should allege and prove that such proof had been made or that this requirement was waived.   In 33 C. J. 8 and 74, we find that proofs of loss are necessary, notwithstanding the company has actual knowledge of the loss, and that the furnishing of proof of loss as required by the policy is a condition precedent to an action for the loss, in the absence of a waiver or estoppel precluding the company from demanding it, and in the absence of any statute relieving insured therefrom.   The case of *Patrick* v. *Farmers Fire Ins. Co.,* 43 N. H. 621, 80 Am. Dec. 197, follows the same rule.   It is true that in 26 C. J. 378, it is said that when the loss is total there is no necessity of complying with those requisites, but that rule is based on judgments of the State of Pennsylvania that lay down that doctrine for cases of the total destruction of buildings, distinct from the other States.   See Joyce on Insurance, sec. 3338.

[3] This action does not involve the interpretation of the conditions of a contract of insurance, but merely the

determination of whether the insured complied with the obligations assumed by him and whether for that reason he must suffer the consequences of his conduct. It is clear that the plaintiff did not comply with the obligation accepted by him under the section that we have considered and the consequence is that by his own act he was deprived of a right of action against the defendant insurance company.

The judgment appealed from should be reversed and substituted by another dismissing the complaint.